THE UNITED STATES, APPELLANT AND RESPONDENT, *v.* LAFAYETTE GRAFF, APPELLANT AND RESPONDENT.

*Jurisdiction of State court of action by United States to recover unpaid duties — Attachment — when may issue in action on contract for recovery of unliquidated damages — tangible property — how attached — Safe in Trust Company's vault — when may be opened by sheriff.*

Where an action is brought in a State court by the United States for the recovery of duties unpaid on imported goods, the primary object of the action being not simply to execute the laws of the United States but to collect a debt by enforcing an obligation due to it, the court has jurisdiction of the cause of action.

Whether a State court can entertain an action brought simply to enforce the laws of the United States not decided.

The principle of implied contracts is applicable to the payment of duties under the United States internal revenue statutes. (*Meredith* v. *United States*, 13 Peters, 486.)

Attachments may issue in actions on contracts for the recovery of unliquidated damages, when a proper disclosure of the grounds of the claim supplies practicable means for determining its amount. (*Lawton* v. *Reil*, 34 How. Pr., 465 ; *Clews* v. *Rockford R. R. Co.*, 2 Hun, 379.)

Personal property, tangible in its character, can only be attached by the sheriff's taking it into his custody. (Wait's Code, 407, § 232, and note; *Haggerty* v. *Wilber*, 16 Johns., 287 ; *Goll* v. *Hinton*, 8 Abb., 120 ; *Smith* v. *Orser*, 42 N. Y., 132.)

A safe in a trust company's vault is not within the protection which the law affords to a person's dwelling-house against the execution of civil process.

APPEALS from an order made at Special Term, denying a motion to vacate an attachment, and directing the sheriff to open a safe of the Mercantile Trust Company, and remove therefrom certain securities.

The defendant appeals from so much of the order made by the Special Term at chambers, as denied his motion to vacate an attachment issued against his property in this action, and directed the sheriff to open a safe of the Mercantile Trust Company and a tin box, in which it was claimed he had property and securities on deposit. The Mercantile Trust Company appeals from so much of such order as directs the sheriff to open the safe and tin box, and take from them and safely keep the property and evidences of debt liable to attachment found therein; and the plaintiff appeals from the part of the order directing the exclusion of counsel and agents of each party, at the time of opening such safe by the sheriff.

*Edmund H. Smith*, for the plaintiff.

*S. G. Clarke*, for the defendant.

*Alexander & Green*, for the Trust Company.

Opinion by DANIELS, J.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, without costs.